# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK JOHNSON,** No. B-00206, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 17-cv-905-JPG ) |
| **WEXFORD HEALTH SOURCES, INC, DENNIS LARSON, DR. EINWOHNER, GARY GERST, and DEBBIE ISAACS,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a status review. On October 6, 2017, Plaintiff was ordered to respond no later than October 23, 2017, to show cause why this case should not be dismissed for failure to comply with an order of this Court. (Doc. 9). He was warned that if he failed to respond to the show cause order, this case would be dismissed with prejudice. Plaintiff's October 23 deadline has come and gone, and he has neither responded nor paid the initial partial filing fee of $2.39. This action shall therefore be dismissed.

Plaintiff filed this case on August 25, 2017, while he was incarcerated at the Big Muddy Correctional Center. He claims that Defendants were deliberately indifferent to his serious medical condition (kidney disease) when they gave him Lisinopril to treat his high blood pressure (another serious condition). (Doc. 1). On August 31, 2017, the Clerk of Court received a change of address notice from Plaintiff after he was released from custody. (Doc. 6).

On September 11, 2017, the Court granted Plaintiff's motion for leave to proceed *in*

1

*forma pauperis* ("IFP"), and ordered him to pay the initial partial filing fee of $2.39 within fourteen days (by September 25, 2017). (Doc. 7). Plaintiff was also ordered to either pay the balance of the $350.00 filing fee, or file an updated motion for leave to proceed IFP. (Doc. 7). Plaintiff was warned that if he failed to comply with the Court's order, his case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff responded on October 3, 2017, by filing an updated motion for leave to proceed IFP. (Doc. 8). However, Plaintiff did not make the $2.39 payment as ordered. The undersigned Judge then gave Plaintiff one more chance to either pay the $2.39 partial fee, or explain why he failed to pay and show cause why the case should not be dismissed, by October 23, 2017. (Doc. 9). That show cause order was mailed to Plaintiff on October 6, 2017, at his address of 321 N. Mason, Chicago, IL, where he had received the earlier order at Doc. 7. The envelope containing the show cause order (Doc. 9) has not been returned to the Clerk as undeliverable.

On October 16, 2017, the Clerk received another address change notice from Plaintiff, to 4207 W. Carroll St., Chicago, IL 60624. Plaintiff's envelope, however, bore the return address of 4707 W. Carroll St. (Doc. 10).

The Court finds that Plaintiff received sufficient notice of the impending dismissal of his case, as a consequence of failure to pay the partial fee or respond to the show cause order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with orders of this Court. *See* FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997). All pending motions are **DENIED AS MOOT.**

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. The Clerk is further **DIRECTED** to mail this order and the judgment to both recent addresses

provided by Plaintiff: 4207 W. Carroll St., Chicago, IL 60624; and 4707 W. Carroll St., Chicago, IL 60624.

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**Dated: November 7, 2017**

*s/J. Phil Gilbert*
**United States District Judge**